UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN Re:                          )
                                )
Hayes Iron & Metal, Inc.,       )     Case No. 13-10157C-11G
                                )
              Debtor.           )
                                )
_____)
                                )
Branch Banking and Trust        )
Company,                        )
                                )
              Plaintiff,        )
                                )
v.                              )     Adversary No. 14-2008
                                )
William B. Rhodes, Chapter 11   )
Trustee for Hayes Iron &        )
Metal, Inc.,                    )
                                )
              Defendant.        )
                                )

<u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court on May 14, 2014, for hearing on the Defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure to dismiss for failure to state a claim upon which relief can be granted. For the reasons that follow, the court has concluded that the motion to dismiss should be granted.

The following facts are alleged in the Plaintiff's complaint. In 2001, the plaintiff extended a $6,000,000 credit line facility to the Debtor, a corporation that was engaged in business as a full service ferrous and non-ferrous metal recycling and salvage operation. Under the credit line facility, the Debtor was allowed

to borrow against the facility based upon certain borrowing base parameters associated with the Debtor's outstanding accounts receivable. The Debtor utilized the credit line facility to pay off an earlier line of credit that the plaintiff had extended to the Debtor and continued to borrow against the credit line facility at various times thereafter. In 2011, the Debtor purchased real property located in Danville, Virginia for a purchase price of $302,044. Additional real property located in Siler City, North Carolina, was purchased by the Debtor in 2012 for a purchase price of $500,000. In February of 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A week later, on February 12, 2013, William B. Rhodes ("Trustee") was appointed as Chapter 11 Trustee in the Debtor's case. An investigation of the Debtor's financial records by the Trustee revealed that beginning at least in 2011, the Debtor began significantly overstating sales and inventory amounts which was done by creating inflated invoice amounts on the Debtor's books. When customers paid the erroneous invoices, the Debtor would debit purchases for the difference in the inflated invoice and the actual amount of the sale which not only overstated sales, but also overstated inventory because of the flow thorough method in calculating inventory. The Debtor also provided false loan base reports to the plaintiff, overstating the amounts of the Debtor's eligible accounts receivable. The Debtor was able to draw against

the credit line facility by utilizing the false sales information and false accounts receivable information provided to the plaintiff which were relied upon by the plaintiff in permitting the Debtor to make the draws against the credit line facility.   Proceeds from such draws were utilized by the Debtor to purchase the Danville and Siler City properties.  Based upon these allegations, the plaintiff asserts a claim for constructive trust and a claim for an equitable lien with respect to the Danville and Siler City properties.

In support of the constructive trust, the plaintiff alleges that the Danville and Siler City properties "were obtained by the Debtor via an ongoing fraud perpetrated by the Debtor against BB&T and, as a result of such fraud, title to said properties and/or any proceeds derived therefrom, should be deemed to be held in constructive trust for the benefit of BB&T up to an amount equal to the greater of the purchase price of said properties or the current fair market value of the same."[1]

In support of the equitable lien, the plaintiff alleges that "[t]he Court, acting as a court of equity, should declare based on general considerations of right and justice based on the relationships of the parties and circumstances of their dealings as set forth herein, that the Danville Property and the Siler City Property are both subject to an equitable lien in favor of BB&T up to an amount equal to the greater of the purchase price of said

---

[1]Compl. ¶ 25.

- 3 -

properties or the current fair market value of the same."[2]

The defendant argues that because the plaintiff did not file a proof of claim for constructive trust or for equitable lien prior to the claims bar date, those claims are barred and therefore do not state a claim upon which relief can be granted. In response, the plaintiff argues that the motion to dismiss should be denied because it was not required to file a claim in order to seek a constructive trust or equitable lien in this proceeding. Alternatively, the plaintiff argues that even if a proof of claim was required, the failure to file a proof of claim does not prevent the constructive trust or equitable lien passing through the bankruptcy case unaffected. The plaintiff relies upon decisions such as In re Hamlett (Hamlett v. Amsouth Bank), 322 F.3d 342, 349 (4th Cir. 2003), which held that "the failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien." Even if the court were to accept these arguments, the plaintiff's complaint, as explained below, nonetheless fails to state a claim upon which relief can be granted.

The plaintiff alleges that under applicable state law, it is entitled in this proceeding to have an equitable lien or constructive trust imposed with respect to the Danville and Siler City properties. As a result of the constructive trust, the

---

[2]Compl. ¶ 27.

- 4 -

plaintiff maintains that on the petition date it held equitable title, the Debtor held only bare legal title and that section 541(d)[3] therefore operates to exclude the properties from the bankruptcy estate or that the properties will become subject to an equitable lien.  Section 544(a)(3), on the other hand, provides that the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, "the rights and powers of, or may avoid any transfer of property of the debtor . . . that is avoidable by . . . a bona fide purchaser of real property . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of commencement of the case, whether or not such a purchaser exists." Even if a constructive trust or equitable lien could be established by the plaintiff in this proceeding, the issue that arises is whether the Trustee, as a bona fide purchaser for value under section 544(a)(3), is entitled to prevail over any rights of the plaintiff as the beneficiary of such equitable relief.  As the court noted in <u>Mayer v. United States (In re Reasonover)</u>, 236 B.R. 219, 227 (Bankr. E.D. Va. 1999), while there is a split of authority regarding whether section 541(d) trumps the trustee's

---

[3]Section 541(d) provides that property in which the debtor holds, as of the commencement of a case, only legal title and not an equitable interest, "becomes property of the estate under subsection (a)(1) and (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

avoidance powers, the majority view[4] is that section 541(d) does
not do so.  Having carefully reviewed the authorities on both sides
of the issue and this court's earlier decisions,[5] this court agrees
with the reasoning and conclusion of the court in <u>Reasonover</u> that
section 541(d) does not trump a bankruptcy trustee's rights and
powers under section 544(a)(3) and that a bankruptcy trustee is
entitled to prevail over any constructive trust or equitable lien
established by a constructive trust or equitable lien claimant.

As pointed out in <u>Reasonover</u>, most of the decisions reaching
a contrary result do not discuss or take into account the 1984
amendments to section 541(d).  <u>Id.</u> at 227.  Prior to those
amendments, section 541(d) referred to property that became
property of the estate under "subsection (a)."  The 1984 amendments

---

[4]<u>See, e.g.</u>, <u>Belisle v. Plunkett</u>, 877 F.2d 512 (7th Cir. 1989);
<u>Chbat v. Tleel (In re Tleel)</u>, 876 F.2d 769 (9th Cir. 1989); <u>Patel
v. Rupp</u>, 195 B.R. 779 (D. Utah 1996); <u>In re Ebel</u>, 144 B.R. 510 (D.
Colo. 1992); <u>In re Great Plains Western Ranch Co.</u>, 38 B.R. 899
(Bankr. C.D. Cal. 1984).

[5]Decisions of this court such as <u>In re Hearne</u>, No. 02-81181,
2003 WL 479113 (Bankr. M.D.N.C. Feb. 21, 2003) and <u>In re Surplus
Furniture Liquidators of High Point, Inc.</u>, 199 B.R. 136 (Bankr.
M.D.N.C. 1995), involving personal property and sections 544(a)(1)
and (2), are distinguishable since section 544(a)(1) and (2) do not
grant the trustee the status of a bona fide purchaser of real
property.  While <u>In re Chriscoe</u>, No. 03-12584, 2003 WL 23211566
(Bankr. M.D.N.C. Oct. 31, 2003), involved real property, the real
property was subject to a judgment granting a constructive trust
that was recorded prior to the filing of the bankruptcy petition.
While not adequately explained in the opinion, the recorded
judgment enabled the judgment creditor to prevail over the trustee,
not because section 541(d) trumped the trustee's rights under
section 544(a)(3), but because the recorded judgment lien had
priority over the trustee as a BFP.

- 6 -

significantly modified the language of section 541(d) by deleting "subsection (a)" and replacing it with "subsection (a)(1) or (2)." This court agrees with the conclusion that "[b]y excluding from the operation of § 541(d) those portions of § 541(a) other than subsections (a)(1) and (a)(2), Congress clearly signaled its intention that the trustee's avoidance powers would trump claims based solely on the debtor's lack of equitable title." <u>Id.</u> 227-28.

The decision in <u>Reasonover</u> also supports the position that under section 544(a)(3) no transfer is required in order for a bankruptcy trustee to have the rights and powers of a bona fide purchaser of real property. As pointed out in <u>Reasonover</u>, the text of section 544(a)(3) not only does not limit the trustee's avoidance powers to transfers "by" the debtor, it is not even limited to "transfers." <u>Id.</u> at 228. <u>In accord Mullins v. Burtch (In re Paul J. Paradise & Assocs., Inc.)</u>, 249 B.R. 360, 369 (D. Del. 2000). What section 544(a)(3) says is that the trustee has "the <u>rights and powers of</u>, or may avoid any transfer of property of the debtor . . . that is avoidable by . . . a bona fide purchaser of real property . . ." (emphasis added). The fact that this preamble is phrased in the disjunctive, is a strong indication that the trustee may exercise any "rights and powers" of a bona fide purchaser even in the absence of a transfer. "In other words, the trustee occupies the position of a bona fide purchaser and takes real property free and clear of any unperfected liens or

- 7 -

interests." Reasonover, 236 B.R. at 228. This means that in this proceeding, if a bona fide purchaser of the Danville and Siler City properties from the Debtor would have acquired a superior right and title as against the plaintiff, then so does the Trustee.

While a bankruptcy trustee's rights and powers as a bona fide purchaser of real property are created or conferred by federal bankruptcy law, the extent of the trustee's rights as a bona fide purchaser are measured by applicable state law. E.g., Crestar Bank v. Neal (In re Kitchen Equip. Co. of Va.), 960 F.2d 1242, 1245 (4th Cir. 1992)("While federal law confers on the trustee the power to avoid some transfers and obligations of the debtor, state law controls the exercise of the power."); Havee v. Belk, 775 F.2d 1209, 1218 (4th Cir. 1985)("[W]hile it is the federal law which provides the trustee with his 'strong-arm' power, his exercise of such power and its extent are governed entirely by the applicable state law.").

Since the Danville real property is located in the Commonwealth of Virginia, the controlling state law is the law of Virginia. See In re Morris, 147 B.R. 929 (Bankr. S.D. Ill. 1992); Restatement (Second) of Conflict of Law § 233 (1971). Virginia law fully supports the conclusion that even if the plaintiff were granted a constructive trust or equitable lien, the Trustee's rights as a bona fide purchaser of real property are superior to the rights the plaintiff would acquire under a constructive trust

or equitable lien.   The applicable Virginia law is succinctly stated in the <u>Reasonover</u> decision:

> The question therefore resolves to whether, under Virginia law, a bona fide purchaser of real property takes free of inchoate equitable claims.    Under the Virginia recording statutes, unrecorded conveyances and deeds of trust are "void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors." Va.Code Ann. § 55-96(a)(1).   Furthermore, it is well established in Virginia that a bona fide purchaser takes property free of any latent equity against it.   <u>See</u>, <u>e.g.</u>, <u>Snyder v. Grandstaff</u>, 96 Va. 473, 31 S.E. 647, 648 (1898)(bona fide purchaser not affected by a latent equity of reformation grounded on mutual mistake); <u>Ransome v. Watson's Administrator</u>, 145 Va. 669, 134 S.E. 707 (1926)(resulting trust not good against a bona fide purchaser); <u>Pair v. Rook</u>, 195 Va. 196, 77 S.E.2d 395 (1953)(constructive trust).   To obtain the status of a bona fide purchaser, one must have neither actual nor constructive notice of any defects in the chain of title. <u>Roanoke Brick & Lime Co. v. Simmons</u>, 2 Va. Dec. 70, 20 S.E. 956, 956 (1895)("The purchaser is bound not only by actual, but also constructive notice, which is the same in effect as actual notice.").   In making a purchase, the buyer must search the chain of title, as required by the recording statutes, and exercise a degree of care when examining the records to ensure that the grantor has good title and that the property is free of encumbrances.   "The great weight of authority is to the effect that the recordation of an instrument gives constructive notice of all the facts expressly stated in the instrument and other matters therein suggested which might be disclosed upon prudent inquiry." <u>Chavis v. Gibbs</u>, 198 Va. 379, 94 S.E.2d 195, 197 (1956).

236 B.R. at 232-33.

On the commencement date, title to the Danville real property was vested in the Debtor, and a search of the grantor index would have disclosed no conveyances from the Debtor nor any judgment, lien or other encumbrance in favor of the plaintiff.  Thus, under Virginia law, the rights of the Trustee, as a hypothetical bona fide purchaser of the Danville real property, are superior to and preclude any equitable relief that the plaintiff could acquire in this proceeding.

The result is the same with respect to the Siler City real property which is located in North Carolina.  North Carolina law fully supports the conclusion that even if the plaintiff were granted a constructive trust or equitable lien, the Trustee's rights as a bona fide purchaser of real property are superior to the rights the plaintiff would acquire under a constructive trust or equitable lien.  Under North Carolina law the interests of a bona fide purchaser of real property without notice of a constructive trust or equitable lien are superior to the rights of a beneficiary of an unrecorded equitable trust or lien.  See In re Creech, 350 B.R. 24, 29 (Bankr. M.D.N.C. 2006); Bank of Vance v. Crowder, 139 S.E. 601, 602-03 (N.C. 1927)("Equity makes use of the machinery of a trust for the purpose of affording redress in cases of fraud, and will follow the property obtained by a fraud in order to remedy the wrong, and only stops the pursuit when the means of ascertainment fails or the rights of bona fide purchasers for

value, without notice of the fraud or trust, have intervened."); <u>Corp. Comm'n of N.C. v. Merchants' Bank and Trust Co.</u>, 138 S.E. 22, 24 (N.C. 1927)("As a general rule, if property is converted and the trust fund can be traced and identified, the cestui que trust may resort to a court of equity to compel its transfer to himself, and his right will not be affected by any change in the trust property wrought by the trustee without his consent unless it has been transferred to a bona fide purchaser, or assignee, for value without notice."); <u>Spence v. Foster Pottery Co.</u>, 117 S.E. 32, 33 (N.C. 1923)(stating that "a bona fide purchaser for value without notice (but not a creditor) is protected against the claim of one in whose favor the trust is sought to be established").  Thus, as a matter of North Carolina law, the rights of the Trustee, as a hypothetical bona fide purchaser of the Siler City real property, are superior to any rights that the plaintiff could acquire under a constructive trust or equitable lien.

Since section 544(a)(3) operates to make the relief sought in the complaint unavailable, the plaintiff has failed to state a claim upon which relief could be granted.  The defendant's motion to dismiss therefore should be granted.  An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 22nd day of May, 2014.

WILLIAM L. STOCKS
United States Bankruptcy Judge

- 11 -